Ronald J. Ellett (Bar No. 012697)
ELLETT LAW OFFICES, P.C.
2999 North 44th Street
Suite 330
Phoenix, Arizona 85018
Telephone: (602) 235-9510
Facsimile: (602) 235-9098

Attorney for **Plaintiff**

# In the United States Bankruptcy Court

## For the District of Arizona

| | |
|---|---|
| In re: | In Proceedings Under Ch. **7** |
| MARIA THERESA RICO, | |
| Debtor. | Case No. 0:13-bk-05023-BMW |
| | Adv No. _____ |
| ERIKKA RICO, | |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF OR ALTERNATIVELY PARTITION OF REAL PROPERTY |
| v. | |
| MARIA THERESA RICO and JIM D. SMITH | |
| Defendants. | |

The Plaintiff, Erikka Rico, ("Erikka") by and through counsel, as and for her Complaint states as follows:

**JURISDICTION, VENUE, AND PARTIES TO THE COMPLAINT**

1. This Court has jurisdiction over this adversary proceeding and the parties to the proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This adversary proceeding is being filed in connection with the bankruptcy case of Maria Theresa Rico, case number 0:13-bk-05023-BMW, pending in the United States Bankruptcy Court for the District of Arizona. As such, venue is proper in this Court, pursuant to 28 U.S.C. § 1409(a).

3. Maria Theresa Rico is the Debtor in the aforementioned Bankruptcy Case.

4. Jim D. Smith is the Trustee in the above pending action.

5. An adversary proceeding is appropriate in this matter pursuant to Bankruptcy Rule 7001 because it is a proceeding to determine the validity, priority, or extent of a lien or other interest in property.

## **BACKGROUND AND GENERAL ALLEGATIONS**

6. In or around February 2008, the Plaintiff contracted to purchase a home located at 43560 West Elizabeth Avenue, Maricopa, Arizona. 85138. (the "Maricopa Home") The tax parcel ID is 512-38-40406. The legal description is "Lot 404, of Senita Unit 1, according to Cabinet E, Slide 137 records of Pinal County, Arizona."

7. The purpose of the purchase was to provide a home for the Plaintiff and her minor children. The Plaintiff was a single mother, aged 30, at the time of the application making $49,000 per year as a legal assistant. A copy of the loan application, dated March 20, 2008, is attached as Exhibit A.

8. The Maricopa Home was purchased on or about May 14, 2008.

9. The debtor is Erikka's mother.

10. Both Erikka and her mother are listed on legal title to the Maricopa Home, see Exhibit B.

11. Erikka and Erikka's minor children have lived in the Maricopa Home since it was purchased in 2008.

12. The debtor has never lived at the Maricopa Home.

13. Erikka has paid all the property taxes on the Maricopa Home. The debtor has never paid any of the property taxes on the Maricopa Home.

14. Erikka has paid all of the principal, interest, and insurance payments on the Maricopa Home. The debtor has never paid any of the principal, interest or insurance on the Maricopa Home.

15. Erikka has deducted the mortgage interest for the Maricopa Home on her tax returns. The debtor has never taken any deductions on the Maricopa Home on her taxes for the Maricopa Home .

16. Erikka has made ALL of the payments of any kind connected to the Maricopa Home. The debtor has never made any of the payments of any kind on the Maricopa Home.

17. It has always been understood between Erikka and her mother that the Maricopa Home belonged 100% to Erikka and the debtor had no beneficial interest in the Maricopa Home.

18. The debtor did not list any ownership interest in the Maricopa Home in her bankruptcy

*3*

schedules filed in 2013.

19. Erikka played no part in completing her mother's bankruptcy schedules or in any aspect of the mother's bankruptcy.

20. On October 23, 2013 a Claim Bar date was noticed at docket 27. The claims Bar Date was 1/23/2014. The proof of claims filed with the court total $33,220.43.

21. When the Maricopa Home was purchased in 2008 the price was $193,000. Erikka has a contract to sell the Maricopa Home at the price of $490,000 which will produce net proceeds of $267,968 after payment of all encumbrances. The transaction is an arms-length sale. The price is at the current fair market value of the home.

22. Although the total allowed claims in the bankruptcy case are only $33,220.43, Erikka, through counsel, offered to work with the trustee to get the sale approved and closed with half of the proceeds to be held by the trustee pending a determination by this courts of the parties' respective rights to the funds. The offer, which was turned down flat by the trustee, is evidenced by the attached email (Exhibit C) which stated:

> Jim:
>
> I called yesterday and sent the email below. Here's my client's revisions to the agreement. You'll see it protects the bankruptcy estate's interests by turning over 50% of the proceeds but allows my client to preserve her rights, too.
>
> I note the claims in this case are far smaller than the amount being turned over to you. Once we both have completed our due diligence, I would expect we could come to a fair arraignment.
>
> The sale could be lost unless we both move quickly.

23. The trustee has taken the position that the property may only be sold if Erikka waives her claims that she owns 100% of the beneficial interest in her home. (See Exhibit D).

24. 11 U.S.C 541(d) states as follows:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise

*4*

the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

25. The United States Supreme Court in U.S. V. Whiting Pools, Inc, 103 S.Ct. 2309, n.8, has explained as follows:

Section 541(a)(1) speaks in terms of the debtor's "interests ... in property," rather than property in which the debtor has an interest, but this choice of language was not meant to limit the expansive scope of the section. The legislative history indicates that Congress intended to exclude from the estate property of others in which the debtor had some minor interest such as a lien or bare legal title. See 124 Cong.Rec. 32399, 32417 (1978) (remarks of Rep. Edwards); id., at 33999, 34016–34017 (remarks of Sen. DeConcini); cf. § 541(d) (property in which debtor holds legal but not equitable title, such as a mortgage in which debtor retained legal title to service or to supervise servicing of mortgage, becomes part of estate only to extent of legal title); 124 Cong.Rec. 33999 (1978) (remarks of Sen. DeConcini) (§ 541(d) "reiterates the general principle that where the debtor holds bare legal title without any equitable interest, ... the estate acquires bare legal title without any equitable interest in the property"). Similar statements to the effect that § 541(a)(1) does not expand the rights of the debtor in the hands of the estate were made in the context of describing the principle that the estate succeeds to no more or greater causes of action against third parties than those held by the debtor. See H.R.Rep. No. 95–595, pp. 367–368 (1977). These statements do not limit the ability of a trustee to regain possession of property in which the debtor had equitable as well as legal title.

Count I

(Declaration that Maria Theresa Rico's Bankruptcy Estate owns only bare legal tile and Request for Order Abandoning the Bankruptcy Estate's interest as inconsequential.)

26. Erikka repeats the allegations set forth in paragraphs 1-25 as if fully set forth herein.

27. Bankruptcy courts have uniformly recognized that bare legal title is of inconsequential value to an estate. See *Geremia v. Dwyer (In re Dwyer)*, 250 B.R. 472 (Bankr.D. R.I.2000) and cases cited therein.

28. Based on the facts set forth above and 11 U.S.C 541(d) the trustee holds only bare legal title.

29. 11 U.S.C. 554 provides that: "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

30. Erikka is a party-in-interest and will be concurrently requesting abandonment of the property in the administrative case with notice to all entities on the master mailing list.

Wherefore, pursuant to Count I Erikka requests:

A) an order declaring that the bankruptcy estate of Maria Theresa Rico holds only bare legal title to the Maricopa Home, declaring that said bare legal title is of inconsequential value to the estate, and compelling the trustee to abandon the estate's interest in the Maricopa Home.

B) For such other relief as is just under the premises.

## Count II

( Partition pursuant to A.R.S. 12-1211)

31. Erikka repeats the allegations set forth in paragraphs 1-30 as if fully set forth herein.

32. The trustee is presently using the estate's ownership of legal tile to block a sale for the real property that would produce proceeds far in excess of the claims against the estate. The trustee is using is power to block the sale in order to try and extract concessions from Erikka.

33. A.R.S. 12-1211 allows a partition of property. When a property cannot be subdivided it may be sold with the court to then determine the distribution of the proceeds according to the respective ownership interest. Under the circumstance of this case, the partition of the property can only be achieved by selling the property.

Wherefore as alternative relief under Count II, Erikka requests that the court order:

A) the sale of the property with the Court to determine the equitable owner ship interest of the parties

B) that she owns 100% of the equitable interest in the property.

C) such other relief as is just under the premises.

DATED this 13thday of May, 2021.

ELLETT LAW OFFICES, P.C.

/s/ Ronald J. Ellett
Ronald J. Ellett
2999 North 44th Street
Suite 330
Phoenix, Arizona 85018